# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| BLUE ORIGIN FEDERATION, LLC, | **REDACTED VERSION** |
| Plaintiff, | |
| v. | Case No. 1:21-cv-01695-RAH |
| THE UNITED STATES, | Judge Richard A. Hertling |
| Defendant, | |
| and | |
| SPACE EXPLORATION TECHNOLOGIES CORP., | |
| Defendant-Intervenor. | |

## DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S REQUEST FOR EXPEDITED BRIEFING SCHEDULE ON PLAINTIFF'S MOTION TO UNSEAL THE STILL-DISPUTED PROPOSED REDACTED COMPLAINT

Pursuant to Rule 7(b) and Rule 7.2 of the United States Court of Federal Claims, Plaintiff Space Exploration Technologies Corp. ("SpaceX") hereby opposes the Blue Origin Federation, LLC ("Blue Origin") request for expedited briefing regarding its motion (ECF 33) to unseal the still-disputed proposed redacted Complaint.

This protest follows Blue Origin's unsuccessful protest at the Government Accountability Office ("GAO"), which was governed by "Protective Orders because the protests involved access to Agency source selection sensitive information, as well as the proprietary and business confidential information of both Blue Origin and SpaceX…." (ECF 3 at 2.) GAO's protective order only permits a party to use "protected material obtained under [the GAO] protective order … in a bid protest filed at the Court of Federal Claims" if the party files the information under seal, advises the Court of the GAO protective order, and asks the Court to issue its own

protective order to cover the protected material. (*Id.* (citing GAO Protective Order, EPDS Docket 3, at ¶ 8).) Blue Origin's Complaint relies on and cites to documents and information covered by the GAO protective order, and now by this Court's Protective Order.

Although Blue Origin professes urgent need to release protected information disclosed in the Complaint, a more complete timeline demonstrates that there is no urgency here. On the afternoon of August 23, 2021, Blue Origin's counsel asked counsel for SpaceX and the Government to "kindly let [him] know whether [they] agree to the Proposed Redacted Version of Blue Origin's Complaint." (August 23, 2021 Email from Pickens to Daniels, Colley, and Schiavetti, Ex. A.)[1] Both promptly and separately responded that they would review and revert, and both proposed additional redactions on August 25. (ECF 33-1 at 3.) On Friday evening, August 27, Blue Origin Counsel emailed a chart of objections to the proposed redactions (ECF 33-1, Ex. 3), and asked SpaceX and Government counsel to advise by noon on Monday "whether you withdraw the challenged redactions." (August 27, 2021 Email from Pickens to Schiavetti and Daniels, Ex. B.) Counsel further indicated: "We intend to raise any remaining challenged redactions with the Court for resolution, as specified by the Court's Protective Order." (*Id.*) Counsel for the Government and SpaceX each, separately, responded to Blue Origin's objections on August 30. (*See generally* ECF 33-1, Ex. 6.) Government counsel noted:

---

[1] Blue Origin's statements in its memorandum that it could have unilaterally filed its proposed redacted version of the complaint on August 23 and that SpaceX and the Government have waived any right to comment on the proposed redactions contravene the terms of the Court's protective order. (ECF 33-1 at 9-10.) Paragraph 12(b) of the Protective Order provides that a party seeking additional redactions shall advise within 2 business after receipt of the proposed redacted version "or such other time as agreed upon by the parties." (ECF 8 at 12.) Further, **prior to filing**, the filing party must provide the other parties with a second redacted version clearly marked "Agreed-Upon Redacted Version" for comment. (*Id.*) Only after an additional two business day period or after an agreement between the parties has been reached may the filing party file a "Redacted Version" with the Court. (*Id.*)

2

> It appears that this dispute largely involves the protection of information that SpaceX considers proprietary. The terms of the protective order provide for the protection of proprietary information, and we marked what appeared to us to be proprietary for redaction. We have no basis to question SpaceX's assertions with regard to its proprietary information, but defer to SpaceX to assert those claims.
>
> I can further share that, in our experience, the Court has little to no interest in resolving disputes over redactions prior to the release of its decision at the end of the case. The Court has called previous efforts at litigation of these issues "premature," and asserted that "disagreements as to what information should be made public are most appropriately resolved at the conclusion [the litigation], in connection with the issuance of a public version of the court's opinion." It behooves the parties to work out an agreement on proper redactions, rather than consume the time and resources of the Court and the parties on peripheral matters.

(August 30, 2021 Email from Schiavetti to Pickens and Daniels, Ex. B.) Counsel for Blue Origin did not respond or further engage. Instead, ***nine days later***, Blue Origin filed its Motion, declaring an "impasse" because SpaceX and the Government did not simply accept Blue Origin's positions, and asked for expedited briefing. (ECF 33.)

Blue Origin counsel has not cooperatively sought agreement on proposed redactions, but instead has demanded that counsel for SpaceX and the Government surrender their positions. In response to Blue Origin's objections, Counsel for SpaceX explained the need to keep protected information that was released under the GAO's protective order, which is now protected by the Court's Protective Order. (ECF 33-1, Ex. 5 at passim.) SpaceX's proprietary, confidential, and source selection information does not lose its protected status because it was included in Blue Origin's Complaint. The position Blue Origin's counsel advocates confounds the very purpose of GAO protective order paragraph 8 that Blue Origin cited when it sought to file the Complaint under seal. (ECF 3 at 2.)

Blue Origin counsel presses for expedited briefing claiming urgent need to secure client input regarding the supposed prejudice resulting from alleged Agency relaxation of certain solicitation requirements in favor of SpaceX. But Blue Origin initially raised that very allegation

3

in a supplemental protest filed in the GAO proceedings in *early June*. There, like here, Blue Origin had the burden to demonstrate prejudice, but failed in that showing at GAO and never previously claimed the need to nor sought any relief from the protective order to facilitate "counsel's ability to consult with its client." (ECF 33-1 at 10.) Instead, that request comes only now, three months later, and *after* filing the Complaint in this Court. Any present sense of urgency is attributable only to the case management approach of Blue Origin's counsel.

In sum, the relief Blue Origin seeks – unilateral release of SpaceX protected information – is extraordinary, and the number of unfounded Blue Origin objections to which SpaceX and the Government must respond are many. Blue Origin has not shown any justifiable basis for expedited briefing. Accordingly, counsel for SpaceX respectfully requests that the Court deny Blue Origin's request for expedited briefing on its Motion to unseal the still-disputed proposed redactions by Blue Origin, and permit SpaceX and the Government to respond within 14 days as provided in Rule 7.2(a).

| | |
|---|---|
| Dated: September 9, 2021 | Respectfully submitted, |
| *Of Counsel:* <br> Mark D. Colley <br> Nathaniel E. Castellano <br> Thomas A. Pettit <br> Aime JH Joo <br> Arnold & Porter Kaye Scholer LLP <br> 601 Massachusetts Ave., N.W. <br> Washington, D.C. 20001 | ARNOLD & PORTER KAYE SCHOLER LLP <br><br> /s/ Kara L. Daniels <br> Kara L. Daniels <br> Arnold & Porter Kaye Scholer LLP <br> 601 Massachusetts Ave., N.W. <br> Washington, D.C. 20001 <br> Phone: (202) 942-5768 <br> Fax: (202) 942-5999 <br> *Attorney of Record for Space Exploration Technologies Corp.* |

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September 2021, I caused a true and correct copy of the foregoing Opposition To Plaintiff's Motion for Expedited Briefing to be served by electronic delivery on:

Scott E. Pickens
Barnes & Thornburg, LLP (DC)
1717 Pennsylvania Avenue, N.W.
Suite 500
Washington, DC 20006-4623
(202) 371-6349
Fax: (202) 289-1330
Email: scott.pickens@btlaw.com

*Counsel for Plaintiff*

Anthony Francis Schiavetti
U.S. Department of Justice - Civil Division
P. O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 305-7572
Fax: (202) 307-0972
Email: anthony.f.schiavetti@usdoj.gov

*Counsel for Defendant*

/s/ Kara L. Daniels