IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | |
|---|---|
| BLUE ORIGIN FEDERATION, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> SPACE EXPLORATION ) <br> TECHNOLOGIES CORP., ) <br> ) <br> Defendant-Intervenor. ) <br> ) | REDACTED VERSION <br><br> Case No. 1:21-cv-01695-RAH <br> Judge Richard A. Hertling |

**DEFENDANT-INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL THE STILL-DISPUTED PROPOSED REDACTED COMPLAINT AND TO RESOLVE DISPUTED REDACTIONS**

Pursuant to this Court's Rules 7(b) and 7.2, and to facilitate the September 13, 2021 hearing, Plaintiff Space Exploration Technologies Corp. ("SpaceX") briefly responds to the Blue Origin Federation, LLC ("Blue Origin") motion to unseal the still-disputed proposed redacted Complaint (ECF 33). Blue Origin's objections to redactions proposed by SpaceX and the Government are unwarranted, and Blue Origin cannot show entitlement to have its proposed redacted complaint unsealed.

First, Blue Origin's request is premature. Although Blue Origin relies extensively on arguments that Defendant made in a different proceeding regarding different proposed redactions to a different complaint, Blue Origin conspicuously omits that Judge Campbell Smith denied the motion to lift redactions as premature: "The court views this motion as premature. Disagreements as to what information should be made public are most appropriately resolved at

US 170416488v2

the conclusion of the matter, in connection with the issuance of a public version of the court's opinion." (*Compare* ECF 33-1 at 4-6 *with Amazon Web Servs., Inc. v. United States*, No. 19-1796C (Fed Cl.), ECF 128 (J. Campbell Smith Jan. 21, 2020 order), attached hereto as Ex. A).)[1] Blue Origin's request for judicial intervention in the redaction dispute that its uncompromising position has engendered is similarly premature and imprudent. Had Blue Origin worked cooperatively to redact protected material, rather than simply insisting that SpaceX and the Defendant accept its demands, a public agreed-to redacted version of the Complaint could have been filed by now.

Second, contrary to Blue Origin's misstatements, SpaceX has not sought to redact information already released publicly by SpaceX or the GAO. Blue Origin premises this argument on a flawed reading of 10 U.S.C. § 2305(g). Blue Origin equates any SpaceX proposal information incorporated into the Option A contract with information in the public domain. (ECF 33-1 at 6-7.) That is legally incorrect. SpaceX's proprietary information does not lose its protected status under Freedom of Information Act Exemption 4 (5 U.S.C. § 552 (b)(4)) simply because it may be incorporated into a contract. *See generally e.g., Public Citizen Health Research Group v. Nat'l Inst. of Health*, 209 F. Supp. 2d 37, 49-50 (D.D.C. 2002) ("[Government] documents that contain summaries or reformulations of information supplied by a source outside of the government are protected under [FOIA] Exemption 4.").

Third, SpaceX does not dispute the well-established policy and presumption of access to judicial records. Yet, the Supreme Court recognizes such access is not absolute, especially where, as here, information is covered by a protective order and constitutes "business

---

[1] For the same reason, the Government Accountability Office ("GAO") decisions regarding redactions to its final decision in Blue Origin's earlier protest provide no helpful guidance here.

information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Counsel for SpaceX requested the redactions that Blue Origin contests in order to protect proprietary, nonpublic information released to Blue Origin's counsel only under the GAO protective order, which is now protected by the Court's Protective Order. (ECF 33-1 at 167-185 (Exhibit 5).) Proprietary, confidential, and source selection information regarding SpaceX's proposal does not lose its protected status just because Blue Origin's counsel elected to rely on that information in the Complaint. Quite the opposite, the Protective Order covers all "information that must be protected to safeguard the competitive process, including source selection, proprietary information, and confidential information contained in … any document" including the Complaint. (ECF 8 at 1.) The objections by Blue Origin counsel confound the very purpose of GAO protective order paragraph 8 that Blue Origin cited when it moved to file the Complaint under seal. (ECF 3 at 2.)

For instance, based on SpaceX's proposal and evaluation documents, information to which Blue Origin's counsel gained access only because of admission to the GAO protective order, Blue Origin's counsel seeks to release SpaceX's proposed ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ and how NASA evaluated SpaceX's approach. (*See* ECF 33-1 at 169 (Exhibit 5).) Each of the Complaint allegations that SpaceX seeks to redact disclose such source selection and nonpublic proprietary information, which was covered by the GAO protective order and now by the Court's protective order.[2] (*Id*. at 167-184.) SpaceX seeks similar redactions regarding Complaint allegations disclosing details about SpaceX's proposed ▌▌▌▌▌,

---

[2] SpaceX notes that Blue Origin's filing objects to proposed redactions to Complaint paragraph 82, but that paragraph is not among the objections Blue Origin reported in the chart provided to SpaceX counsel. (See e.g., ECF 33-1 at 167-184 (Exhibit 5).) In any event, the information SpaceX asked to redact is language quoted from the Agency's Selection Evaluation Panel Report regarding the SpaceX proposal, which very clearly falls within the scope of protected source selection information. (*See* ECF-33-1 at 217 (Exhibit 6 proposed redacted complaint).)

███████████████████████████████████████████, and other proprietary and source selection information. (*Id.*; *see also* ECF 33-1 at 186-247 (Exhibit 6).)

Blue Origin's counsel falsely asserts that it has an urgent need to release protected information disclosed in the Complaint in order to prosecute its case. Each of Blue Origin's latest allegations, allegations that Blue Origin could have but did not raise at GAO, stem from Blue Origin's flawed solicitation interpretation (unfortunately adopted by GAO) that an "HLS element" includes supporting spacecraft. But that erroneous interpretation was publicly disclosed in GAO's decision. *Blue Origin Fed. LLC; Dynetics, Inc.-A Leidos Co.*, B-419783 et al., July 30, 2021, 2021 CPD ¶ 265, *58. Thus, to the extent Blue Origin's counsel has questions as to whether this flawed interpretation might implicate other solicitation requirements, and whether it prejudiced Blue Origin in the contract competition, Blue Origin's counsel is now free to address that question with its client. In fact, it appears that this communication has already occurred, given the Complaint's specific allegations about just what prejudice Blue Origin contends this solicitation interpretation had on decisions about what to propose. (*See e.g.*, ECF 1 at 4 (paragraph 13).) Blue Origin's counsel has no evident need to release further protected information to which counsel received access only through admission to GAO's protective order. Protecting SpaceX's competitively sensitive proprietary and source selection information from disclosure to Blue Origin, a competitor, does not prejudice Blue Origin.

Finally, neither SpaceX nor the Government have waived any right to seek redactions and Blue Origin's claims to the contrary are belied by the Protective Order. (ECF 33-1 at 9-10.) Protective Order Paragraph 12(b) provides that a party seeking additional redactions shall advise the filing party within 2 business days after receipt of the proposed redacted version "or such other time as agreed upon by the parties." (ECF 8 at 12.) As previously noted, and as Blue

4

Origin concedes, SpaceX and Government counsel separately and timely provided proposed redactions within two days of Blue Origin's request, consistent with the Protective Order. (ECF 33-1 at 3; ECF 34 at 2.)[3]

Accordingly, because Blue Origin's motion to release the still-objected to Complaint is premature, and Blue Origin's objections to the redactions requested by SpaceX and the Government are baseless, the Court should deny Blue Origin's motion.

Dated:   September 12, 2021                Respectfully submitted,

*Of Counsel:*                              ARNOLD & PORTER KAYE SCHOLER LLP
Mark D. Colley
Nathaniel E. Castellano                    /s/ Kara L. Daniels
Thomas A. Pettit                           Kara L. Daniels
Aime JH Joo                                Arnold & Porter Kaye Scholer LLP
Arnold & Porter Kaye Scholer LLP           601 Massachusetts Ave., N.W.
601 Massachusetts Ave., N.W.               Washington, D.C. 20001
Washington, D.C. 20001                     Phone:  (202) 942-5768
                                           Fax:  (202) 942-5999
                                           *Attorney of Record for Space Exploration Technologies Corp.*

---

[3] As Government counsel aptly noted, *A.P v. Sec'y Health & Hum. Servs.*, No. 14-894V, 2017 WL 3082878, the unpublished National Vaccine Injury Compensation program decision on which Blue Origin relies for this specious argument, is inapposite. The petitioner there sought to redact a Court decision months *after* it had been *publicly released*, and even though the petitioner had previously declined to seek redactions in response to the Court's request *prior* to the decision's release date. *Id*. at *2. Unsurprisingly, the Court found the petitioner's motion for redactions untimely and noted that the petitioner failed to show "a compelling privacy interest outweighing the public interest in keeping" the decision public. *Id.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September 2021, I caused a true and correct copy of the foregoing Opposition To Plaintiff's Motion to Unseal Still Disputed Proposed Redacted Complaint to be served by electronic delivery on:

Scott E. Pickens
Barnes & Thornburg, LLP (DC)
1717 Pennsylvania Avenue, N.W.
Suite 500
Washington, DC 20006-4623
(202) 371-6349
Fax: (202) 289-1330
Email: scott.pickens@btlaw.com

*Counsel for Plaintiff*

Anthony Francis Schiavetti
U.S. Department of Justice - Civil Division
P. O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 305-7572
Fax: (202) 307-0972
Email: anthony.f.schiavetti@usdoj.gov

*Counsel for Defendant*

/s/ Kara L. Daniels