REDACTED VERSION

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

BLUE ORIGIN FEDERATION, LLC, )
)
Plaintiff, )
)
v. )
)
THE UNITED STATES, ) No. 21-1695C
) (Judge Richard A. Hertling)
Defendant, )

and

SPACE EXPLORATION TECHNOLOGIES CORP., )

Defendant-Intervenor. )

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL DOCUMENT AND TO RESOLVE DISPUTED REDACTIONS TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully responds to the motion filed by plaintiff, Blue Origin Federation, LLC (Blue Origin), requesting that the Court unseal its proposed public version of its complaint, or otherwise resolve the parties' dispute regarding proposed redactions to that document. ECF No. 33. Because Blue Origin fails to demonstrate either that it is entitled to have its proposed redacted complaint unsealed or that the redactions proposed by the United States or by defendant-intervenor, Space Exploration Technologies Corp. (SpaceX) are not warranted, the Court should deny Blue Origin's motion.

Blue Origin relies heavily on a motion we submitted nearly two years ago in a different case, regarding different proposed redactions to a different complaint. Pl. Mot. at 4-6. The United States stands by that motion, and nothing in that motion runs counter to or undermines the basis for any redaction we propose for the public version of Blue Origin's complaint. As we

explained in that motion, in considering whether proposed redactions of protected information are appropriate, the court "begins with 'the presumption of public access to judicial records.'" *Madison Servs., Inc. v. United States*, 92 Fed. Cl. 120, 131 (2010) (citing *Baystate Techs., Inc. v. Bowers*, 283 F. App'x 808, 810 (Fed. Cir. 2008)); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978) (recognizing "a general right to inspect and copy public records and documents, including judicial records and documents."); *In re Violation of Rule 28(D),* 635 F.3d 1352, 1356 (Fed. Cir. 2011) ("There is a strong presumption in favor of a common law right of public access to court proceedings.").

Despite this strong presumption, however, the right of public access to judicial records "is not absolute." *Linc v. Gov't Servs., LLC v. United States*, 96 Fed. Cl. 672, 723 (2010) *abrogated on other grounds by Safeguard Base Ops., LLC v. U.S.*, 989 F.3d 1326 (Fed. Cir. 2021) (internal citation omitted). Rather, "[i]n determining whether to restrict the public's access to court documents, the court must 'weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts.'" *Violation of Rule 28(D),* 635 F.3d at 1356-57 (citation omitted); *see also Akal Sec., Inc. v. United States,* 87 Fed. Cl. 311, 314 n.l (2009) ("the court must balance the privacy interests of the parties against the public interest in access to the . . . information.") (citation omitted).

Blue Origin's alleges that, because we opposed some redactions in that case and propose some additional redactions here, our approach is somehow "opposite" in the two cases. This allegation is facile and incorrect. In that case, we opposed redactions to the agency's qualitative assessments of offerors' proposals, including adjectival technical ratings and relative

comparisons of evaluated prices, which the Court has expressly held do not qualify for protection. *See, e.g.*, *Linc v. Gov't Servs.*, 96 Fed. Cl. at 723; *see also Amazon Web Services, Inc. v. U.S.*, No. 19-1796C (Fed. Cl.), ECF Nos. 56 at 3-4, 158 at 8-12.

Here, we do not propose redaction of such material. Blue Origin cites only one example of a proposed redaction of broadly similar information, to paragraph 128 of its complaint. Pl. Mot. at 7, Ex. 6 at 47. This proposed redaction was not listed among the objections Blue Origin made to our proposed redactions, following which we, working cooperatively with the parties, withdrew several proposed redactions upon further examination and after considering Blue Origin's concerns. See Pl. Mot. Exhs. 3, 4. As we would have done if raised during that process, we withdraw the proposed redaction to paragraph 128 of the complaint. Upon further review of redactions we initially proposed to which Blue Origin did not previously object, we also withdraw some additional proposed redactions in the following paragraphs of the complaint: 7; 8; 28; 82- 83; 92-93; 95-104; 106; 130- 133; 166-167; and 174. For clarity, we attach to this response an updated copy of the additional redactions to the complaint proposed by the United States, with that information contained in red boxes reflected in the attached document.

The only information we have proposed to redact is information that SpaceX asserts is proprietary.[1] As we informed Blue Origin in correspondence preceding its motion, we have no basis to question SpaceX's claim that this information is proprietary and, assuming SpaceX is

[1] Notably, in the briefing Blue Origin repeatedly cites, we did not object to the redaction of proprietary proposal information. *See Amazon Web Services, Inc. v. U.S.*, No. 19-1796C (Fed. Cl.), ECF Nos. 56 at 3-4, 158 at 8-12.

able to demonstrate that it qualifies, the redaction of contractor proprietary or confidential information is appropriate under the terms of the Court's protective order if that information must be protected to safeguard the competitive process. Protective Order, ECF No. 8, at 1.

As we explained to the parties previously, it is appropriate for SpaceX to bear the burden of demonstrating that the specific information is proprietary. The agency, however, has a role in protecting proposal information provided to it as part of a procurement, so there is nothing improper about us proposing to redact information that SpaceX asserts is proprietary and appears to potentially qualify as such. *See, e.g.*, FAR 3.104-4, *Avtel Servs., Inc. v. United States*, 70 Fed. Cl. 173, 191 (2006). We leave to SpaceX to demonstrate that specific information it proposes to redact, or that we identified on its behalf, qualifies for protection, but we agree with SpaceX that, assuming it qualifies, such redactions are appropriate under the protective order.[2]

Moreover, to the extent that Blue Origin alleges that no information contained within SpaceX's proposal may be protected, by dint only of the fact that its proposal was incorporated into the contract it was awarded, this allegation is unsupported and unpersuasive. Blue Origin cites FAR 24.202(a) and 10 U.S.C. § 2305(g). Pl. Mot. at 6. Neither, however, mandates the release of the entirety of a proposal incorporated into a contract under any circumstances, or renders all such contracts within the public domain. Instead, these provisions are exceptions to

[2] Blue Origin's allegation that the fact that both the United States and SpaceX proposed redactions with which Blue Origin disagrees is evidence of a "coordinated litigation strategy" is baseless and needlessly inflammatory. The United States has a responsibility under the terms of the protective order to propose redactions to information that we believe qualifies for protection, and we did so. As Blue Origin notes, we did not propose the same redactions as did SpaceX, nor did we respond in the same way to Blue Origin's objections to proposed redactions.

provisions that prohibit the release of a contractor's proposal under the Freedom of Information Act (FOIA). Although, in response to a properly submitted FOIA request, an agency may not rely on FAR 24.202 or 10 U.S.C. § 2305(g) as authority to decline to release a contractor proposal incorporated into a Government contract, these provisions do not state that no other exceptions to disclosure under FOIA could apply to information contained in such a proposal.

Moreover, whether information may be properly released under FOIA is not the question before the Court – instead, the question is whether the specific information that is the subject of disputed proposed redactions qualifies for protection under the terms of this Court's protective order. *See Torres Advanced Enter. Sols., LLC v. United States*, 135 Fed. Cl. 1, 7–8 & n.3 (2017) (holding that FOIA is not applicable to the Court, and the proper question is whether the material qualifies under the terms of its protective order). Certainly we agree that public information does not qualify, but Blue Origin has not demonstrated that this information is public. Rather than attempting to determine what information an agency might release in response to a FOIA request, the proper determination is whether the information is *currently* in the public domain, or, if not, whether it qualifies for protection under the terms of the protective order.[3]

In another unsupported claim, Blue Origin alleges that an inability to release all of the information it prefers in the public version of its complaint will prejudice its ability to present its case. Pl. Br. at 2, 3, 9, 10. Blue Origin, however, is represented in this Court by several capable counsel admitted to access information protected under the protective order, and has also hired

[3] NASA has received several FOIA requests generally related to this and other related procurements. NASA has not released SpaceX's proposal in response to any such FOIA request.

an expert consultant admitted under the order. The use of protected information in sealed court filings is, of course, permitted, and Blue Origin will have every opportunity to present its case to the Court while adhering to the terms of the protective order. Moreover, it appears that this allegation is largely a vestige of disputes before the Government Accountability Office (GAO) and no longer relevant, as Blue Origin admits that the public GAO decision released information sufficient to permit discussion between counsel and client. Pl. Mot. at 9.

Finally, Blue Origin mischaracterizes the terms of the protective order when it incorrectly alleges that additional redactions to the complaint proposed by the United States and SpaceX should be rejected as untimely. Pl. Mot. at 3-4, 9-10. The terms of the protective order require that "a party must promptly serve on the other parties a proposed redacted version." Protective Order, ECF No. 8, at Paragraph 12(a). Blue Origin, however, did not follow this procedure with regard to its complaint. Instead, Blue Origin filed its proposed redacted version under seal with the Court, prior to the entry of appearance of counsel for the United States or admission to access protected material by counsel for SpaceX. ECF No. 4. Blue Origin acknowledges that it first contacted counsel for the United States and for SpaceX regarding its proposed redacted complaint on August 23, 2021, and that both counsel responded to that message within the two business days provided under to the terms of the protective order. Pl. Mot. at 3; Protective Order, ECF No. 8, at Paragraph 12(b). Even if Blue Origin were correct that the responses from counsel for the United States and for SpaceX were not in compliance with the two business day provision, the protective order provides that redactions may be provided at "such other time as agreed upon by the parties." Protective Order, ECF No. 8, at Paragraph 12(b). Blue Origin's

August 23 email to the parties inviting additional redactions after that date served as such an agreement, and waived any claim Blue Origin might have had that the other parties' proposed redactions were not timely. Moreover, even if Blue Origin had not sent the email to the parties on August 23, it could not have simply filed its proposed redacted version without first circulating a second document, marked "Agreed-Upon Redacted Version." Protective Order, ECF No. 8, at Paragraph 12(b). In short, the protective order is designed to facilitate agreement among the parties on the information that should properly be protected, not to serve as a trap for the unwary, entitling one party to unilaterally release information that is otherwise properly protected.

Blue Origin's reliance on an unpublished decision of this Court's Office of the Special Masters in misplaced. Pl. Br. at 10, citing *A.P. v. Sec'y of Health & Hum. Servs.*, No. 14-894V, 2017 WL 3082878, at *2 (Fed. Cl. June 7, 2017). In that case, the Court issued a decision to the parties, noting that the decision would be posted on the Court's website, but directing that any proposed redactions be submitted within 14 days. *Id*. When neither party filed any proposed redactions by the deadline, the Court published the decision on its website. *Id*. Over four months later, petitioner filed a motion seeking redactions to the decision. *Id*. The Court denied the motion for redaction, explaining that the fact that the decision had been public for months weighed against redaction at that point. *Id*. Notably, any redaction in that case would have been provided for under section 12(d)(4)(B) of the Vaccine Act, as well as the Court's rules and decision, not under a protective order issued by the Court. *Id*. Here, by contrast, the terms of the protective order control, and the redactions proposed by the United States and SpaceX were

timely submitted under those terms.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny plaintiff's motion to unseal its proposed public version of its complaint, and instead resolve the parties' dispute regarding redactions to the complaint as it deems appropriate under the law and the terms of the Court's protective order.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARTIN F. HOCKEY, JR.
Acting Director

s/ Douglas K. Mickle
DOUGLAS K. MICKLE
Assistant Director

s/ Anthony F. Schiavetti
ANTHONY F. SCHIAVETTI
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7572
Fax: (202) 305-1571
anthony.f.schiavetti@usdoj.gov

OF COUNSEL:

ALLISON M. GENCO
BRIAN M. STANFORD
Senior Attorney Advisors
NASA Office of the General Counsel

September 10, 2021

Attorneys for Defendant