IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

REDACTED VERSION

| | |
|---|---|
| BLUE ORIGIN FEDERATION, LLC,<br>　　　　　Plaintiff,<br>　　v.<br><br>THE UNITED STATES,<br>　　　　　Defendant,<br>and<br><br>SPACE EXPLORATION TECHNOLOGIES, CORP.<br>　　　　　Defendant-Intervenor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 21-1695C
Judge Richard A. Hertling

**MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL DOCUMENT AND
TO RESOLVE DISPUTED REDACTIONS TO PLAINTIFF'S COMPLAINT**

Pursuant to ¶ 12(d) of this Court's Protective Order, (*see* ECF No. 8), Blue Origin respectfully requests that this Court enter an order resolving disputed redactions to Plaintiff's sealed Complaint, and approving the unsealing and filing of the proposed public version of the Complaint that Blue Origin has prepared based on the parties' agreed-upon redactions, attached in final fileable form, as <u>Exhibit 1</u>, and in viewable nonfinal form as <u>Exhibit 2</u>. The U.S. and SpaceX have forced Blue Origin to seek Court intervention on this issue because they have demanded further redactions that go far beyond what is permissible under the Protective Order, including information that is publicly available, statements of Plaintiff's arguments and position, and evaluations and other information that are not protected under the law.

This attempt to overreach on redactions is a facet of NASA's and SpaceX's apparent coordinated litigation strategy. The central issue in this litigation is whether SpaceX submitted a proposal that failed to comply with ▮▮▮▮ the Solicitation's requirements,[1] and NASA's improper willingness to disregard deficiencies for just SpaceX. NASA and SpaceX have argued

---

[1] The ▮▮▮▮▮▮ the requirements was to propose Flight Readiness Reviews for each launch – a key safety issue ▮▮▮▮▮▮▮▮▮▮ of any offeror's proposal.

that the evaluations were proper, that NASA did not waive any Solicitation requirements for SpaceX, and that, either way, Blue Origin cannot prove that it was prejudiced by NASA's conduct. Using the proposed overreach on redactions, NASA and SpaceX both seek to preclude the public from having access to NASA's determinations[2] and to prevent Blue Origin's counsel from being able to discuss the issue of prejudice for the Solicitation waivers with its client.

As detailed below, the requested redactions are both substantively improper and procedurally untimely, and should be rejected accordingly. *Because of the potential impact that these improper redactions may have on its ability to present arguments and evidence on prejudice in the upcoming MJAR briefing, Blue Origin respectfully requests that the Court set expedited briefing and consideration for this request.*

## I.    STATEMENT OF THE CASE

On August 13, 2021, Blue Origin filed its Sealed Complaint and a Proposed Redacted Complaint. (*See* ECF No. 1, 4.) The Sealed Complaint alleges that NASA indisputably violated federal regulations and statute and the Solicitation provisions; the only issue in this case is prejudice. NASA made an award to an unawardable proposal, as SpaceX's proposal failed to include fifteen mandatory critical safety reviews – Flight Readiness Reviews ("FRR") – ▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. (*See, e.g., id.*, ¶¶ 2-8.)

Blue Origin filed a protest of the award at the GAO, and GAO found that "SpaceX's three proposed FRRs—or one for each *type* of [Human Landing Service] element—were insufficient when SpaceX's concept of operations will require 16 total launches," rejecting "the agency's contrary arguments" that SpaceX's proposal was compliant with the Solicitation. *Blue Origin Fed'n, LLC; Dynetics, Inc.-A Leidos Co.*, B-419783 *et al.*, (July 30, 2021), 2021 WL 3545283, at

---

[2] If NASA's evaluations were proper, then there should be no issue with the public seeing them.

*59, 59 n.34 (Administrative Record ("AR") at Tab 77).[3]  GAO, however, denied the protest, opining that Blue Origin would not be able to show that it was prejudiced by NASA waiving the Solicitation's FRR requirements for just SpaceX.  *See id.* at *59.

However, until the publicly available decision was released on August 10, *Blue Origin did not know* that the U.S. was going to relax or be flexible on its important foundational requirements, such as FRRs because that information was treated as "protected material."  (*See* ECF No. 1, ¶ 9.) Blue Origin was unable to address this specific issue during the pendency of the GAO protest because the entire issue was under seal and counsel could not discuss the issue with Blue Origin. (*See id.,* 1 ¶ 9.)  NASA and SpaceX are trying the same gambit before this Court.

The Protective Order in this case, which was entered on August 16, 2021, requires parties seeking additional redactions to do so within two business days of receipt of the proposed redacted version.  (*See* ECF No. 8, ¶ 12(b).) That was not done here.  Counsel for the U.S. and for SpaceX received access to the proposed redacted complaint on August 16 and August 20, 2021 respectively.  (*See* ECF No. 9, 18.)  Two business days later was August 18 and 22 respectively. Although Blue Origin could have published its proposed redacted Complaint as final as of August 22nd, it contacted both the U.S. and SpaceX concerning its redacted Complaint on August 23, 2021. Finally, on August 25, 2021, the U.S. and SpaceX proposed extensive redactions.  *See* Exhibits 3, 6.  Blue Origin provided a comprehensive, detailed explanation in table form to both parties detailing why each of their proposed redactions were objectionable and improper.  (Exhibit 3.)

---

[3] During the process of releasing a publicly available version of GAO's decision, SpaceX asked for significantly more redactions than what GAO ultimately allowed. ███████

████████████████████

*Blue Origin Federation, LLC*, *supra*, at 1-2.

The U.S. and SpaceX each responded by adding a column to Blue Origin's table with their responses.  (Exhibits 4 and 5.)  Blue Origin replied by accepting some of the redactions (embodied in Exhibits 1 and 2) but rejecting the remaining redactions as still unjustified and improper.  The unresolved U.S. and SpaceX redactions are shown in integrated form on Exhibit 6.  (SpaceX redactions are shown in blue and U.S. redactions in red boxes.  When the redactions overlap, only the larger redaction is shown, as it covers up the smaller redaction.)  Due to an impasse on redactions, Blue Origin has filed this request with the Court.

## II.     ARGUMENT

### A.     The Law Starts With A Presumption Of Access To Court Records.

Less than two years ago, the U.S. (through the same counsel of record in this action) asked this Court to reject a party's efforts to redact information in a proposed redacted complaint in an overly broad fashion.  Because of the relevance here, it is worth reiterating the U.S.'s arguments.  In *Amazon Web Services, Inc. v. U.S.*, No. 19-1796C (Fed. Cl.), the U.S. filed "Objections to Certain Material Designated as Protected and Motion to Strike and Substitute," on December 13, 2019.  *See id.*, ECF No. 56.  After reviewing the protester's proposed redacted complaint, the U.S. took the opposite approach to the position now asserted here:  It asked this Court to strike the proposed redacted complaint as removing too much from the public view.  Specifically, the U.S. told the plaintiff that "the United States objects to many of the redactions included in the now-public redacted complaint," because the protester "redacted material that does not qualify for protection under the Court's protective order, under the law, or under the rules of this Court."  *Id.* at 2.  The U.S. "request[ed] that the Court strike [the plaintiff's] redacted complaint (ECF No. 26) and substitute it with the attached proposed redacted complaint (Attachment B)."  *Id.*

The U.S. said that to determine whether a party's proposed redactions "are appropriate, the court 'begins with 'the presumption of public access to judicial records'" and that there is "strong

presumption in favor of a common law right of public access to court proceedings." *Id.* (citing *Madison Servs., Inc. v. U.S.*, 92 Fed. Cl. 120, 131 (2010), *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978), and *In re Violation of Rule 28(D),* 635 F.3d 1352, 1356 (Fed. Cir. 2011)).

The U.S. explained that under the Court's protective order, the "definition of protected information is narrow, and over redaction should be avoided in favor of greater transparency." *Id.* at 3 (citing *In re Violation of Rule 28(D)*, *supra* and *Akal Sec., Inc. v. U.S.*, 87 Fed. Cl. 311, 314 n.1 (2009)).  The U.S. argued that the party seeking the redactions bears the burden of "justify[ing] how 'continuing to conceal that information . . . would safeguard the competitive process.'" *Id.* (ellipsis in original) (quoting *Def. Tech. Inc. v. U.S.*, 99 Fed. Cl. 103, 106 n.* (2011)).

Generally speaking, this Court finds redactions to be overly broad when a party seeks to redact "adjectival ratings by the government," including for "management approach," because those are not "confidential, proprietary or otherwise protected by the protective order" that the Court put into place. *Akal Sec., Inc.*, 87 Fed. Cl. at 314.  The U.S. has agreed, telling this Court that "'qualitative assessments of offerors' proposals, such as the adjectival rating assigned to an offeror's past performance or an offeror's ordinal ranking under one or another evaluation factor . . . ha[ve] no bearing on the competitive process' and are not subject to redaction." *Amazon Web Services, Inc.*, *supra*, at 3-4 (citing *Linc Gov't Servs. v. U.S.*, 96 Fed. Cl. 672, 723 (2010)).[4]  The U.S. also cited authority for the position that this Court does not "redact extensive proposal and agency evaluation information". *Amazon Web Services, Inc.*, *supra,* at 4 (and cases cited).

The U.S. has explained further that when "the source selection in this case is complete," because the agency had "selected [the awardee] and awarded it the contract," then the "extra

---

[4] *Linc Government Services* was abrogated on other grounds. *See Safeguard Base Ops., LLC v. U.S.*, 989 F.3d 1326 (Fed. Cir. 2021) (concluding that "that the Claims Court has jurisdiction over implied-in-fact contract claims in the procurement context under § 1491(b)(1)").

precautions [that] may be required to safeguard a competition that remains ongoing" are not warranted. *Amazon Web Services, Inc.*, *supra*, ECF No. 158, at 7. That less stringent standard applies, the U.S. has told this Court, even when "renewed competition may follow in the wake of a successful bid protest." *Id.*

"The purpose of redaction is to safeguard the competitive process, not to withhold information that a party frowns on making public." *Vectrus Sys. Corp. v. U.S.*, No. 20-2053C, --- Fed. Cl. ---, 2021 WL 2200394 at n.* (Fed. Cl. June 1, 2021) (citing *Linc*, 96 Fed. Cl. at 723).

Finally, "redactions are unnecessary" for "information that already is in the public domain." *Linc*, 96 Fed. Cl. at 723, *abrogated on other grounds by*, *Safeguard Base Ops.*, *supra*.

**B.      The U.S. And SpaceX Cannot Carry Their Burden Of Proving That Redactions Are Proper.**

The U.S. and SpaceX have made redactions for three basic categories of information, each of which should be rejected. First, they have requested redaction of information that already is in the public domain. Second, they have requested redaction of Blue Origin's characterization of GAO's decision and NASA's determinations during the procurement. Third, they have requested redactions of NASA's evaluations of SpaceX's proposal and its failures to meet basic Solicitation requirements.

**1.   It is not proper to redact information in the public domain.**

The U.S. and SpaceX have asked for redactions of information that is in the public domain. This request is improper. *See Linc*, *supra*. In particular, government contracts, and proposals incorporated in contracts, as was the case for SpaceX's proposal, are not exempt from disclosure. Here, by statute, the SpaceX proposal is *not* protected from release because it is incorporated in the awarded contract. FAR 24.202(a); 10 U.S.C. 2305(g).[5]

---

[5] That provision specifies that "any proposal that is set forth or incorporated by reference in a

The specific requests that the U.S. and SpaceX have made regarding information in the public domain are set forth in the "Publicly Available" rows in Exhibit 3.

### 2. It is not proper to redact Blue Origin's characterization of NASA's evaluation actions.

The U.S. and SpaceX have demanded redactions of Blue Origin's characterizations of NASA's evaluation process and how NASA eliminated requirements for SpaceX. This is not appropriate because this category of redactions is not "source selection information, proprietary information, [or] confidential information . . . ." (ECF No. 8, ¶ 1.(a).) Indeed, ████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████" (August 5, 2021 GAO memorandum concerning redactions (Exhibit 7).) Now, for example, the U.S. has asked for redaction of Blue Origin's statement that NASA's internal documents "admit that failure and noncompliance of" SpaceX's proposal to comply with Solicitation requirements. (Exhibit 6 at 47 ¶ 128.) As a second example, SpaceX (but not the U.S.) demanded the redaction of "The Agency waived ████ requirements only for SpaceX." (Exhibit 6 at 3 ¶ 7.) Both of these attempted redactions should be rejected.

The specific redactions that the U.S. and SpaceX have made regarding Blue Origin's characterizations are set forth in the Arguments and Assertions rows in Exhibit 3.

### 3. It is not proper to redact the evaluations of SpaceX's proposal ████ ████████████████████.

The U.S. and SpaceX specified redactions for *references* to NASA documents that evaluate SpaceX's proposal ████████████████████████████

---

contract" is not subject to the otherwise applicable prohibition on release of contractor proposals. SpaceX's proposal was incorporated in the HLS Contract. *See* AR Tab 27c at 32172. ("PROPOSAL INCORPORATION INTO CONTRACT.")

██████. Such information should not be redacted. *See* § III.A, *supra*.

For example, NASA wrote memoranda that evaluated SpaceX's proposal and determined ████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████. Both the U.S. and SpaceX want to keep that ██████ secret, and want to prevent Blue Origin from discussing how the waiver of that requirement (and others) would have led to Blue Origin changing its proposal. (*See* Exhibit 6 at 32 ¶ 82.) But those ██████ are "'qualitative assessments of offerors' proposals" that "ha[ve] no bearing on the competitive process and are not subject to redaction," as the U.S. has itself stated to this Court. *Amazon Web Services, Inc.*, No. 19-1796C, ECF No. 56, at 3-4 (citing *Linc*, 96 Fed. Cl. at 723). "Moreover, the competitive process, which has been completed for this procurement, will not be harmed by revealing how these particular source selection officials viewed" SpaceX's failure to propose the minimum number of FRRs ██████ requirements of the Solicitation. *Amazon Web Services, Inc.*, *supra*, ECF No. 158, at 12 (citing *Linc*, 96 Fed. Cl. at 723). SpaceX's solution, which was to "propose[] one overarching FRR for its entire HLS [Human Landing System] system" already was revealed in the public GAO decision anyway. *Blue Origin Fed'n, LLC*, 2021 WL 3545283, at \*8. The mere references to NASA's memorandum and other evaluation documents should not be redacted, seeing that, as the U.S. itself has told this Court, "All things being equal, the United States has a strong interest in transparency." *Amazon Web Services, Inc.*, No. 19-1796C, ECF No. 158, at 9.

In addition, GAO ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████



(Exhibit 7 at 1-2.)

Here, the subject documents have even more significance than in other matters, because of the prejudice argument that NASA and SpaceX have raised and on which GAO relied to deny Blue Origin's protest. Specifically, the parties (and GAO) asserted that even where SpaceX submitted a non-compliant proposal, Blue Origin suffered no prejudice, because it would not have changed its proposal to address the waiver of FRRs ███████████████████. *See* § II, *supra*. But Blue Origin's counsel had been unable to discuss that issue at all with the client during the pendency of the GAO protest, because everything was protected. But, with the limited information that GAO eventually disclosed in its public decision, Blue Origin was able to assert and demonstrate that it would indeed have changed its proposal to reflect NASA's changed requirements. (*See* ECF No. 1 ¶ 13.) To be able to more completely respond to the U.S.'s and SpaceX's arguments regarding prejudice, █████████████████████████, Blue Origin should not be prevented from seeing the allegations █████████████ ████████████████████, and the U.S.'s and SpaceX's arguments to the contrary should be rejected.

The specific redaction demands that the U.S. and SpaceX have made regarding evaluations of SpaceX's proposal are set forth in Exhibit 3.

### C. The U.S. And SpaceX Did Not Provide Their Redactions In A Timely Fashion As Required By The Protective Order.

The U.S. and SpaceX failed to meet the Protective Order requirement to seek additional

redactions within two business days of receipt of the proposed redacted version or the preexisting redactions can be finalized. (*See* ECF No. 8, ¶ 12(b).) When a party fails to offer a redacted version of a document within the period of time specified by court order, this Court has held that the party is unable to seek redactions due to lack of timeliness. *See, e.g.*, *A.P. v. Sec'y of Health & Hum. Servs.*, No. 14-894V, 2017 WL 3082878, at *2 (Fed. Cl. June 7, 2017) (rejecting redaction request after the Court's set time limit as untimely). Because neither the U.S. nor SpaceX tendered proposed redactions within the specified period set by the Protective Order, their request for additional redactions should be rejected as untimely.

## III.    CONCLUSION

Blue Origin respectfully requests that this Court grant its request and direct the filing of the redacted version of the Complaint included as Exhibit 1. Because the U.S.'s and SpaceX's positions affect counsel's ability to consult with its client regarding issues of prejudice resulting from NASA's decision to waive multiple Solicitation requirements, Blue Origin requests an expedited briefing schedule, and hearing (if necessary), on this request.

September 8, 2021

Of Counsel:

Barnes & Thornburg LLP
Scott Godes Scott.Godes@btlaw.com
Matthew Michaels Matthew.Michaels@btlaw.com
1717 Pennsylvania Avenue, N.W., Suite 500
Washington, DC 20006-4623
Scott N. Godes Phone:  (202) 408-6928
Matthew Michaels Phone:  (214) 566-3167

Respectfully submitted,

S̃ ̃ P̃l̃

_____
Scott E.  Pickens

Barnes & Thornburg LLP
1717 Pennsylvania Avenue, N.W., Suite 500
Washington, DC 20006-4623
Phone:  (202) 371-6349
Email:  (Scott.Pickens@btlaw.com)
*Counsel of Record for Plaintiff*
*Blue Origin Federation, LLC*