# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| BLUE ORIGIN FEDERATION, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) No. 21-1695C |
| Defendant, | ) Judge Richard A. Hertling |
| and | ) |
| SPACE EXPLORATION TECHNOLOGIES CORP., | ) REDACTED VERSION |
| Defendant-Intervenor. | ) |

## BLUE ORIGIN'S CROSS-MOTION FOR
## JUDGMENT ON THE ADMINISTRATIVE RECORD

Pursuant to Rule 52.1(c) of the Rules of the United States Court of Federal Claims, Plaintiff Blue Origin Federation, LLC ("Blue Origin") timely submits this Cross-Motion for Judgment on the Administrative Record. For the reasons set forth in Blue Origin's accompanying Memorandum of Points and Authorities ("Memorandum"), Blue Origin seeks a declaratory judgment and permanent injunctive relief to remedy the arbitrary, capricious, and unlawful actions by Defendant, the United States of America ("Defendant" or "NASA") in awarding the Human Landing System ("HLS") Option A contract to Space Exploration Technologies Corp. ("SpaceX") under Solicitation NNH19ZCQ001K_APPENDIX-H-HLS.

This protest involves the award of a contract to an offeror that submitted an incomplete and noncompliant proposal and then was given the unilateral right to fix its proposal and price. As detailed in the attached Memorandum, the plain language of the Solicitation establishes that SpaceX submitted a proposal that was noncompliant and should have been disqualified from the competition. NASA's contemporaneous evaluation documents plainly show that NASA originally

found SpaceX's proposal was incomplete and not consistent with the Statement of Work's critical safety reviews and requirements known as Flight Readiness Reviews. Then, without any justification or rational basis, in order to select SpaceX, NASA waived and changed the Flight Readiness Review requirements for SpaceX – and only SpaceX. GAO made the same exact finding at the conclusion of Blue Origin's protest there: "NASA relaxed material solicitation requirements with respect to flight readiness reviews for SpaceX."

The Administrative Record produced in this action confirms that there were additional areas where SpaceX's proposal failed to comply with Solicitation requirements and which were disregarded, waived, or overlooked by NASA. These include: (1) SpaceX's proposal to conduct another key milestone review, the Design Certification Review, only ▮▮▮▮ prior to its first HLS launch date rather than 9 months prior as required in the Solicitation; (2) SpaceX's proposal to perform 6 mission-specific launch vehicle reviews <u>several months later</u> than they were required to be performed by the Solicitation, including some pre-launch reviews which SpaceX scheduled to occur <u>after</u> 15 out of 16 covered launches already will have occurred; and (3) SpaceX's proposal to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ before the Mission Specific Critical Design Review ("MSCDR") (one of the six mission-specific reviews) was scheduled to be conducted, in violation of a clear Solicitation requirement to conduct the MSCDR <u>before</u> significant production activities begin.

Compounding matters further, the record shows a pattern of unfair and unequal treatment in the evaluation process by NASA. All this was done to obtain one result: To ensure that SpaceX was the HLS Option A awardee. However, as set forth in the accompanying Memorandum, the award to SpaceX was arbitrary, capricious, and made in violation of applicable statutes and regulations, which prejudiced Blue Origin.

WHEREFORE, Blue Origin respectfully requests that the Court GRANT this Motion.

Dated: October 1, 2021

*S E P* (signature)

_____
Scott E. Pickens
Barnes & Thornburg LLP
1717 Pennsylvania Avenue, N.W., Suite 500
Washington, DC 20006-4623
Phone: (202) 371-6349
Email: (Scott.Pickens@btlaw.com)

*Counsel of Record for Plaintiff*
 *Blue Origin Federation, LLC*

*Of Counsel:*

Scott N. Godes
Matthew J. Michaels
Barnes & Thornburg LLP
1717 Pennsylvania Avenue, N.W., Suite 500
Washington, DC 20006-4623

3